STATE OF MONTANA upon the relation of BUTTREY FOODS, INC., a Montana corporation, Relator, v. DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE STATE OF MONTANA, in and for the County of Lewis and Clark, and the HONORABLE ALFRED B. COATE, District Judge presiding, Respondents.

No. 11502.
Decided July 12, 1968.
443 P.2d 890.

Loble, Picotte & Loble, Peter C. Pauly and Henry Loble argued, Helena, for relators.

Swanberg, Koby & Strope, Randall Swanberg, argued, Great Falls, for respondent.

PER CURIAM:

On May 28, 1968, relator applied to this Court by petition for an appropriate supervisory writ to require respondents to

annul, set aside and vacate an order dated April 25, 1968, which order denied a motion to vacate a previous order and reinstate judgment of dismissal in favor of defendant, Buttrey Foods, Inc., in case numbered 31941, entitled Matteucci's Super Save Drug, a Montana Corporation, Plaintiff, v. Hustad Corporation, a Montana Corporation; Buttrey Foods, Inc., a Corporation, Defendants, pending in the district court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, and also to require respondents to annul, set aside and vacate an order dated December 18, 1967, and, further, to reinstate in full as a final judgment one made and entered on October 9, 1967.

Following ex parte presentation of the petition this Court issued an alternative order to show cause, directed to respondents, requiring service thereof to be made upon respondent district court and judge, as well as counsel for the other parties in said previously mentioned civil action, and staying further proceedings therein.

The matter came on for hearing before the Court on July 1, 1968; at the conclusion of the hearing relator was granted to July 10, 1968, to file reply brief, at which time the matter would be taken under advisement.

The Court now being advised in the premises, is of the opinion that adequate remedy in the ordinary course of law is available to relator and that such relator will not be irreparably injured and damaged by going to trial; further, that no emergency here exists which requires the exercise of the power of supervisory control by this Court.

It is therefore ordered that the alternative order to show cause be quashed, the stay order therein contained is rescinded, and the relief sought in this matter is denied and the proceeding is ordered dismissed.